## Lock et al. v. City of Middlesboro.

(Decided March 26, 1937.)

ROBERT J. WATSON and L. R. WILSON for appellants.

R. L. MADDOX and E. P. NICHOLSON, Jr., for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On a former appeal of this case, this court in an opinion reported in 267 Ky. 19, 101 S. W. (2d) 203, reversed the judgment of the lower court approving a proposed bond issue of $40,000 to fund a floating indebtedness of the city of Middlesboro. Reference is made to that opinion for a statement of the case and the grounds on which it was found necessary to reverse the judgment.

Upon return of the case and the filing of the mandate in the lower court, the city, pursuant to suggestion in the opinion, was granted leave to file an amended petition and to take further proof to sustain the allegations of the petition as amended; and in its amended petition the city set out with particularity when and for what purposes the various items making up the aggregate floating indebtedness purposed to be funded were incurred for the years 1932 to 1936, inclusive. These items for the respective years aggregated $10,-408.60, $9,766.86, $6,450, $5,874.13, and $7,500.41. Concerning the claims of the Kentucky Utilities Company and the Middlesboro Board of Education against the city about which there is some controversy as referred to in the former opinion, the city denying liability on these accounts, the petition sets forth in detail the amount of these claims originating in each of the years 1932 to 1936, inclusive, and alleges that these items, when added to the indebtedness purposed to be funded aggregate for the respective years the following sums: $18,539.82, $18,915.34, $16,603.28, $16,176.47, and $7,653.31. Without entering into further detail, we deem it sufficient to say that the petition sets out the

assessed value of the property subject to taxation in the city for the respective years, the amount of all indebtedness incurred during such years, including that not purposed to be funded, and the claims in controversy, and alleges as shown by schedules filed as exhibits with the petition that none of the indebtedness incurred in any of these years, including that purposed to be funded, and the questioned items, exceeded the amount that might rightfully have been anticipated under the levies made.

The intervening petitioner by answer entered his appearance and merely asked that the city be required to prove all material allegations in its amended petition and the taxpayer who was made a party defendant filed a like pleading. After evidence was heard, judgment was entered granting the relief sought by plaintiff, and the defendant taxpayer and the intervening petitioner are appealing.

The only additional evidence heard was that of Edward L. Johnson, city clerk and tax collector of the city of Middlesboro. His evidence fully sustains the allegations of the petition as amended and is to the effect that if taxes levied for the various years had been fully collected there would have been sufficient revenue to meet all the indebtedness incurred in each of the years, including the floating indebtedness involved in this action, and any sums that in any event might be due the Kentucky Utilities Company and the school board; and the evidence of this witness stands uncontradicted.

On the record as a whole, the city has met the burden imposed upon it under section 186c-7, Kentucky Statutes, of alleging and proving the validity of all indebtedness proposed to be funded and that it was within the limitations prescribed by sections 157 and 158 of the Constitution.

Judgment affirmed.